```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND

                                  :
GERALD JOY
                                  :
    v.                            :   Civil Action No. DKC 14-2447
                                  :
UNITED OF OMAHA LIFE INSURANCE
COMPANY                           :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is a motion to seal filed by Defendant United of Omaha Life Insurance Company. (ECF No. 16). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to seal will be granted.

**I. Background**

Plaintiff Gerald Joy filed a complaint on July 31, 2014 against United of Omaha Life Insurance Company alleging he was denied short term disability benefits for which he believes he is eligible. (ECF No. 1). On September 18, 2014, the parties filed a stipulation of dismissal subject to conditions. (ECF No. 6). The parties agreed that Plaintiff would submit, and Defendant would review, a long term disability application. In the event that long term disability benefits were denied Plaintiff, and after Plaintiff exhausted all his administrative

remedies, then Defendant would waive service of process and consent to the reopening of this case.

On May 2, 2016, the parties filed a consent motion to reopen and amend which was granted. (ECF No. 8). Plaintiff filed an amended complaint (ECF No. 11) and Defendant thereafter filed an answer (ECF No. 12).

On June 8, 2016, the court convened a telephone conference with counsel. The parties reported that they intended to file the administrative record, that it was voluminous, and that Defendant would be moving to seal it. At that time Plaintiff consented to the sealing of the administrative record. The parties also agreed to participate in mediation and agreed to a briefing schedule with respect to summary judgment motions. As anticipated, Defendant filed the instant consent motion to seal on July 7 (ECF No. 16) and a paper copy of the administrative record (consisting of two banker boxes) on July 11, 2016.

**Analysis**

"The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). "The common law presumes a right of the public to inspect and copy 'all judicial records and documents,'" *id.* at 575 (*quoting Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)),

although this presumption "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Id.* (*quoting Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–99 (1978).  Under this common law balancing analysis, "[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption."  *Rushford*, 846 F.2d at 253.  "Ultimately, under the common law[,] the decision whether to grant or restrict access to judicial records or documents is a matter of a district court's 'supervisory power,' and it is one 'best left to the sound discretion of the [district] court.'"  *Va. Dep't of State Police*, 386 F.3d at 575 (*quoting Nixon*, 435 U.S. at 598–99) (second alteration in original).

In addition to the public's common law right of access, the First Amendment provides a "more rigorous" right of access for certain "judicial records and documents."  *Va. Dep't of State Police*, 386 F.3d at 575-76; *see also In re Application of the United States for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013) (explaining the "significant" distinction between the two rights of access). Where the First Amendment does apply, access may be denied "only on the basis of a compelling governmental interest, and only if

the denial is narrowly tailored to serve that interest." *Stone*, 855 F.2d at 180.

"For a right of access to a document to exist under either the First Amendment or the common law, the document must be a 'judicial record'" in the first instance. *In re Application*, 707 F.3d at 290. The Fourth Circuit held that judicially authored or created documents are "judicial records," as are documents filed with the court that "play a role in the adjudicative process, or adjudicate substantive rights." *Id.* (*citing Rushford*, 846 F.2d at 252; *In re Policy Mgt. Sys. Corp.*, 67 F.3d 296 (4th Cir. 1995) (unpublished table decision)). For example, "the more rigorous standard should . . . apply to documents filed in connection with a summary judgment motion in a civil case." *Va. Dep't of State Police*, 386 F.3d at 578 (*quoting Rushford*, 846 F.3d at 253) (alteration in original).

The Fourth Circuit also recently reminded us that:

> It is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n. 17, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980); *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978); *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 428 (4th Cir. 2005). The right of public access springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny. *Va. Dep't of State Police v. Wash. Post*, 386

> F.3d 567, 575 (4th Cir. 2004). "The distinction between the rights of access afforded by the common law and the First Amendment is significant, because the common law does not afford as much substantive protection to the interests of the press and the public as does the First Amendment." *In re United States for an Order Pursuant to 18 U.S.C. Section 2703*, 707 F.3d 283, 290 (4th Cir. 2013) (quoting *Va. Dep't of State Police*, 386 F.3d at 575) (internal quotation marks omitted). The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that "countervailing interests heavily outweigh the public interests in access." *Rushford*, 846 F.2d at 253. By contrast, the First Amendment secures a right of access "only to particular judicial records and documents," *Stone*, 855 F.2d at 180, and, when it applies, access may be restricted only if closure is "necessitated by a compelling government interest" and the denial of access is "narrowly tailored to serve that interest," *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986) (*quoting Press-Enter. Co. v. Superior Court*, 464 U.S. 501, 510, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984) (internal quotation marks omitted)).

*Doe v. Public Citizen*, 749 F.3d 246, 265-66 (4th Cir. 2014). Thus, as a substantive matter, when a district court is presented with a request to seal certain documents, it must determine two things: (1) whether the documents in question are judicial records to which the common law presumption of access applies; and (2) whether the documents are also protected by the more rigorous First Amendment right of access. *In re Application*, 707 F.3d at 290; *see also Va. Dep't of State*

*Police*, 386 F.3d at 576.  In addition, Local Rule 105.11 requires the party seeking sealing to include "(a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection."

In the instant motion, Defendant states that the record includes numerous medical records and other documents which contain sensitive and private information of the Plaintiff such as his date of birth and social security number.  Upon careful consideration, any alternative to sealing the record such as redacting identifying and other sensitive personal information to protect Plaintiff's privacy interest would be burdensome and so extensive that it would render meaningless anything revealed.

**Conclusion**

For the foregoing reasons, Defendant's consent motion to seal will be granted.  A separate order will follow.

```
                                      /s/
                              DEBORAH K. CHASANOW
                              United States District Judge
```